# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **MIKE REDFORD,** | |
| **Plaintiff,** | |
| v. | 1:17-cv-580-WSD |
| **JUDGE WILLIAM DUFFEY, JR., and MAGISTRATE JANET KING** | |
| **Defendants.** | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Mike Redford's ("Plaintiff") Motion to Vacate Three Strikes Provision [17], Motion for Clerk to Transmit Notice of Appeal [18], Rule 60 Motion to Correct Judgment [19], Petition for Administrative Remedy [21], and Application to Appeal In Forma Pauperis ("IFP Application") [22].

## I.  BACKGROUND

On February 15, 2017, Plaintiff, *pro se*, filed a Complaint [1] against the Honorable William S. Duffey, Jr. and the Honorable Janet F. King, both of whom are judges on this Court. Plaintiff used a habeas petition form to allege that the judges "unconstitutionally acted under color of federal law" and violated "federal

protected rights" in connection with prior civil actions Plaintiff filed in this Court. ([1] at 4, 6). Plaintiff sought to have the judges "banned . . . perpetually from adjudicating [Plaintiff's] cases in this court" and prosecuted. (Id. at 9). Plaintiff did not pay the filing fee for a civil action.

On March 7, 2017, Magistrate Judge King found that Plaintiff's Complaint sought relief only under the civil rights laws and thus directed the Clerk to convert the initially styled habeas action to a civil rights action. ([2] at 2-3). In the same order, Magistrate Judge King recused herself because the Complaint named her a Defendant in the action. (Id.). On March 8, 2017, Magistrate Judge Linda T. Walker issued her Final Report and Recommendation [3] ("Final R&R"), recommending dismissal of the case under 28 U.S.C. § 1915(g), which bars a prisoner from filing a civil action without paying the filing fee if he previously filed, while incarcerated, at least three cases that were dismissed as frivolous, malicious, or for failure to state a viable claim. On June 8, 2017, the Court adopted the Final R&R and dismissed the case without prejudice. ([11] ("June 8th Order")).

On June 7, 2017, Plaintiff filed a Motion to Vacate Three Strikes Provision. On June 8, 2017, Plaintiff filed his Notice of Appeal [13]. On July 17, 2017, Plaintiff filed his Motion for Clerk to Transmit Notice of Appeal and his Rule 60 Motion to Correct Judgment. On July 24, 2017, the Eleventh Circuit Clerk of

Court entered dismissal pursuant to 11th Cir. R. 42-1(b) for want of prosecution "because the appellant Mike Redford [] failed to pay the filing and docketing fees to the district court within the time fixed by the rules, July 24, 2017." ([20] at 2). On September 5, 2017, Plaintiff filed his Petition for Administrative Remedy. Finally, on September 13, 2017, Plaintiff filed an Application to Appeal *In Forma Pauperis*.

## II. DISCUSSION

### A. Plaintiff's Motions Seeking Relief from Judgment

Plaintiff seeks to have the Court set aside its June 8th Order dismissing the action without prejudice because Plaintiff failed to pay the proper filing fees. In his Motion to Vacate Three Strikes Provision, Plaintiff argues that Magistrate Judge King improperly converted his habeas action to a civil rights action, that Plaintiff met his burden to pay the required filing fees as evidenced by his $5 filing fee payment required to proceed in a habeas action,[1] that a frivolity review of the

---

[1] Plaintiff's Rule 60 Motion to Correct Judgment and Petition for Administrative Remedy essentially seek the same relief—each ask the Court to find that Plaintiff's payment of a $5 filing fee as required in a habeas action satisfies any further burden Plaintiff had to pay additional filing fees once the action was converted to a civil rights action. For the same reasons that the Court provides in denying Plaintiff's similar request in his Motion to Vacate Three Strikes Provision, the Court denies Plaintiff's Rule 60 Motion to Correct Judgment and Petition for Administrative Remedy. Plaintiff cannot now argue the Court's

3

action was unwarranted because he was not proceeding *in forma pauperis*, and that Judge Duffey should have recused himself from the action. ([17] at 2-5).

Magistrate Judge King's decision to convert the case to a civil rights action was considered by the Court when it issued its June 8th Order. The Court noted that to the extent Plaintiff objected to Magistrate Judge King's conclusion to convert the matter to a civil rights action, his objection was overruled because Judge King's Order [2] was not "clearly erroneous or contrary to law." ([11] at 6 n.4). The Court also held that "[e]ven if Plaintiff's Complaint could properly be construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2254—which it [could not]—Plaintiff's allegations [were] conclusory, frivolous, and insufficient to warrant habeas relief." (Id.). Plaintiff's request to have this Court consider its decision for a second time is unavailing. Magistrate Judge King did not commit plain error when she decided to convert the case. Plaintiff's argument here most certainly fails to satisfy any standard required in a motion for reconsideration. Motions for reconsideration "should be reserved for extraordinary circumstances" and are not to "be filed as a matter of routine practice." LR 7.2(E), NDGa; Adler

---

dismissal of the action for his failure to pay the appropriate filing fee was a mistake or an instance requiring "administrative relief." Plaintiff was fully aware that he knowingly paid the incorrect filing fee—in an untimely manner no less.

v. Wallace Computer Servs., Inc., 202 F.R.D. 666, 675 (N.D. Ga. 2001). These are not "extraordinary circumstances."

Plaintiff's contention that he paid the appropriate filing fee in the action is similarly meritless. Plaintiff did not initially pay a filing fee in the action. On March 29, 2017—nearly one month after Magistrate Judge King issued an order converting the habeas corpus action to a civil rights action and after Magistrate Judge Walker issued her Final R&R recommending dismissal of the case because Plaintiff failed to pay the proper filing fee—Plaintiff chose to pay the $5 filing fee required to proceed in a habeas corpus action. Plaintiff was fully aware that the action had been converted from a habeas corpus action to a civil rights action. Plaintiff may not now argue that he satisfied the filing fee requirement by knowingly paying the incorrect filing fee. Plaintiff's related argument that the action should not have been subjected to frivolity review is likewise unpersuasive because the action was initiated without a filing fee being paid, which promptly and rightly triggered a frivolity review of Plaintiff's Complaint.

Plaintiff's final argument—that Judge Duffey should have recused himself—also fails. There are no facts or circumstances here which would call into question the Court's impartiality. 28 U.S.C. § 455(a). Applying the criteria set forth in McWhorter v. City of Birmingham, 906 F.2d 674, 678 (11th Cir. 1990),

5

the Court concludes that an "objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal [is] sought," would not "entertain a significant doubt about" this Court's impartiality in this matter. McWhorter, 906 F.2d at 678. A fully-informed observer would not be convinced that the undersigned's impartiality can reasonably be questioned. To the contrary, a fully-informed observer would conclude that there are important reasons for the undersigned *not* to recuse himself. Allowing litigants, especially vexatious litigants, to fabricate "conflicts" by filing retaliatory lawsuits as a means of manipulating the assignment of judges to their cases would undermine, rather than enhance, public confidence in the integrity of the judicial system.

B.  Plaintiff's IFP Application

Plaintiff also seeks to have the Court approve his IFP Application so that he may appeal the June 8th Order.[2] "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). A party "lacks good faith in bringing an appeal if the appeal is without arguable merit in law or fact." Radford v. Walker, No. 1:07-cv-1756-WSD, 2009 WL 54508, at *3 n.3 (N.D. Ga. Jan. 8, 2009) (citing

---

[2] Plaintiff's related Motion for Clerk to Transmit Notice of Appeal is denied as moot because this was already done on June 22, 2017 [15].

Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) cert. denied, 540 U.S. 1112 (2004)).

The individual seeking to appeal IFP also must submit a statement of good faith issues to be appealed. Fed. R. App. P. 24(a)(1)(C) ("The party must attach an affidavit that . . . states the issues that the party intends to present on appeal."). A statement of issues to be appealed enables the court to determine whether the appeal would be frivolous or not taken in good faith. See Howard v. Huntington Nat'l Bank, No. 2:09-cv-251, 2010 WL 4642913, at *3 (S.D. Ohio Nov. 4, 2010) ("The affidavit . . . does not include a statement of the issues he intends to present on appeal, the omission of which is fatal to a Rule 24(a) motion."); Martin v. Gulf States Utils. Co., 221 F. Supp. 757, 760 (W.D. La. 1963) ("The statement of points . . . will . . . enable us to more intelligently determine whether or not the proposed appeal is frivolous, or not made in good faith." (citations omitted)).

Plaintiff here did not "attach an affidavit" describing the good faith issues to be appealed, and his IFP Application therefore is required to be denied. Fed. R. App. P. 24(a)(1)(C); Howard, 2010 WL 4642913, at *3. Even if Plaintiff had attached the required affidavit, his IFP Application still requires dismissal because, for the reasons stated in the Court's June 8th Order, Plaintiff is not entitled to relief

and his appeal is not "capable of being convincingly argued." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam).

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Mike Redford's Motion to Vacate Three Strikes Provision [17], Rule 60 Motion to Correct Judgment [19], Petition for Administrative Remedy [21], and Application to Appeal In Forma Pauperis [22] are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Clerk to Transmit Notice of Appeal [18] is **DENIED AS MOOT.**

**SO ORDERED** this 3rd day of October, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE